IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,090-01






EX PARTE BRIAN EDWARD MILLSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 049638 IN THE 59TH DISTRICT COURT


FROM GRAYSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault 
and sentenced to eight years' imprisonment. The Fifth Court of Appeals affirmed his conviction.
Millson v. State, No. 05-06-01378-CR (Tex. App.-Dallas 2008, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he did not call Pat Millson as an impeachment witness. Counsel filed an affidavit in response
to Applicant's claims, and the trial court made findings of fact and conclusions of law and
recommended that we deny relief. We believe that the record should be further developed. 
Accordingly, the trial court shall order counsel to respond to Applicant's claim that he failed to call
Pat Millson as an impeachment witness. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether the performance of
Applicant's counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: February 3, 2010

Do not publish